UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| STANLEY MEELKER, | ) |
| | ) |
| Plaintiff, | ) Case No.: |
| | ) |
| v. | ) |
| | ) |
| STUDENT ASSISTANCE CORPORATION, | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |

## COMPLAINT

STANLEY MEELKER ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against STUDENT ASSISTANCE CORPORATION ("DEFENDANT"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the State of Michigan, thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

6. Plaintiff is a natural person residing in Caledonia, Michigan 49316.

7. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

8. Defendant is a corporation with its principal place of business located at P.O. Box 9570, Wilkes Barre, Pennsylvania 18773.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone as a cellular telephone.

12. Within the four-year period preceding the filing of this Complaint, Defendant contacted Plaintiff repeatedly and continuously seeking to collect an alleged student debt.

13. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system.

14. Plaintiff knew that Defendant's calls were automated as he would be greeted by a recording prior to speaking to Defendant's representatives.

15. Defendant's telephone calls were not made for "emergency purposes."

16. Desiring to stop the repeated calls, Plaintiff spoke with Defendant on multiple occasions within the four-year period preceding this Complaint, informed Defendant that he could not pay the debt and instructed Defendant to immediately cease and desist all further telecommunications.

17. Defendant heard and acknowledged Plaintiff's repeated demands to stop calling him.

18. Once Defendant was aware that its calls were unwanted, its continued calls could have served no purpose other than harassment.

19. Defendant proceeded to ignore Plaintiff's innumerable instructions to stop calling him and instead continued to call him an excessive number of times each week or each day through in or around late 2016 or early 2017.

20. Defendant's incessant calls were especially annoying, disruptive and distressing to Plaintiff during this period, as he was regularly contacted by Defendant while in the midst of running his restaurant business.

21. Upon information and belief, Defendant conducts business in a

manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

24. Defendant's calls to Plaintiff were not made for "emergency purposes."

25. Defendant's calls to Plaintiff, after Plaintiff told Defendant's representatives that he was unable to pay the debt and told Defendant to stop calling him, were not made with Plaintiff's prior express consent.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, STANLEY MEELKER, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, STANLEY MEELKER, demands a jury trial in this case.

Respectfully submitted,

DATED: September 28, 2018

*/s/ Joseph C. Hoeffel*
Joseph C. Hoeffel, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: jhoeffel@creditlaw.com